IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
JACKSON DIVISION

| | |
|---|---|
| **FAITH DELIVERANCE CENTER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | **No. 1:14-cv-01183** |
| v. ) | |
| ) | |
| **SOUTHERN MUTUAL CHURCH** ) | **JURY DEMANDED** |
| **INSURANCE COMPANY and TENCO** ) | |
| **SERVICES, INC.,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

**NOTICE OF REMOVAL OF A CIVIL ACTION BY DEFENDANTS,
SOUTHERN MUTUAL CHURCH INSURANCE COMPANY
AND TENCO SERVICES, INC.**

The defendants, Southern Mutual Church Insurance Company (hereinafter referred to as "Southern Mutual") and Tenco Services, Inc. (hereinafter referred to as "Tenco"), by and through counsel, pursuant to 28 U.S.C. § 1446, give notice of removal of this action from the Circuit Court of Madison County, Tennessee, to the United States District Court for the Western District of Tennessee, and allege as follows:

1. On July 7, 2014, the plaintiff filed suit in the Circuit Court for Madison County, Tennessee, naming Southern Mutual Church Insurance Company and its independent insurance adjuster, Tenco Services, Inc., as defendants. A copy of the suit filed by the plaintiff in the Circuit Court of Madison County, Tennessee, under Docket Number C-14-168, is attached as Exhibit 1.

2. On July 9, 2014, Tenco was served with a Summons and Complaint by certified mail, return receipt requested.

3. On July 11, 2014, Southern Mutual was served with a Summons and Complaint through the Department of Commerce and Insurance as provided by Tenn. Code Ann. § 56-2-504 or Tenn. Code Ann. § 56-2-506.

4. No further proceedings have been had in the Circuit Court of Madison County, Tennessee.

5. The entire amount of controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00).

6. Diversity of citizenship exists between plaintiff and Southern Mutual.

7. Diversity of citizenship is not present between plaintiff and Tenco. However, Southern Mutual and Tenco aver that plaintiff has fraudulently joined Tenco in this action in an effort to defeat diversity jurisdiction in this Court in that at all times concerning this matter Tenco was acting as an independent insurance adjuster or agent for Southern Mutual Church Insurance Company. Defendants aver Tenco cannot be liable as a matter of law to the plaintiff as Tenco owed no duty to the plaintiff. The fact that an independent adjuster represents the rights and interests of the insurance company, and not the rights of the insured, is consistently recognized by legal scholars. For example, 46A C.J.S. Insurance § 1876 "Powers, duties, and liabilities of adjusters" provides:

> An adjuster who is retained by an insurance company is subject to a duty which runs to the company and not to the insured in adjustment of a claim, and, where not a party to the contract of insurance, he or she is not subject to an implied duty of good faith and fair dealing to the insured.

Further, 3 Couch on Insurance § 48:63 "Adjusters; Generally" states:

> An insured is not a third-party beneficiary to a contract between an insurer and an independent insurance adjuster hired by the insurer to investigate a loss, and an insurer's assignment of the independent adjuster to adjust

the insured's claim does not create a fiduciary relationship between the insured and the adjuster. Accordingly, an insured cannot maintain an action against the insurance adjuster for breach of contract and breach of fiduciary duty.

The majority of states hold as a matter of law that an independent insurance adjuster owes no independent duty of care to the insured, and therefore, cannot be liable to the insured for negligent adjustment of a claim. See Charleston Dry Cleaners & Laundry, Inc. v. Zurich American Ins. Co., 355 S.C. 614, 618-619, (S.C. 2003)(citing Meineke v. GAB Business Servs., Inc., 991 P.2d 267 (Ariz. Ct. App. 1999); Sanchez v. Lindsey Morden Claims Servs., Inc., 84 Cal. Rptr. 2d 799 (Cal. Ct. App. 1999); King v. National Security Fire and Cas. Co., 656 So.2d 1338 (Fla. Dist. Ct. App. 1995); Velastequi v. Exchange Ins. Co., 505 N.Y.S.2d 779 (N.Y. City Civ. Ct. 1986); Dear v. Scottsdale Ins. Co., 947 S.W.2d 908 (Tex. App. 1997); Troxell v. American States Ins. Co., 596 N.E.2d 921, 925 n. 1 (Ind. Ct. App. 1992); Wolverton v. Bullock, 35 F.Supp.2d 1278 (D. Kan. 1998)). The South Carolina Supreme Court in the Charleston Dry Cleaners case stated in its rationale that:

> We note, however, that the authorized acts of an agent are the acts of the principal. In addition, a bad faith claim against the insurer remains available as a source of recovery for a plaintiff such as Dry Cleaners. Therefore, in a bad faith action against the insurer, the acts of the adjuster or adjusting company (agent) may be imputed to the insurer (principal).

Charleston Dry Cleaners, 355 S.C. at 619. See also Crocker v. Am Nat. Gen. Ins. Co., 211 S.W.3d 928, 937-38 (Tex. App. Dallas 2007 (stating, "[a]n independent adjusting firm hired exclusively by an insurance carrier has no relationship with, and therefore no duty to, an insured. [A]bsent a contractual relationship between the investigation and settlement advice, 'regardless of whether [the insured] phrased his allegations as negligence, bad faith, breach of contract, tortious interference, or DTPA claim.'"); Akpan

v. Farmers Ins. Exchange, 961 S.2d 865, 875 (Ala. Civ. App. 2007 (holding that an independent adjuster or investigator that was hired by insurance company to investigate or adjust the claim of an insured owes no duty to the insured); Youngs v. Security Mut. Ins. Co., 775 N.Y. S.2d 800 (N.Y. Supp. 2004 (granting adjuster's motion to dismiss tort claims filed against him by insured, and holding that an insurance adjuster, as an agent and employee of insurer, did not owe insured independent duty that could be basis of tort claims against the adjuster individually in insured's action for bad faith); Hamill v. Pawtucket Mut. Ins. Co., 892 A.2d 226, 228 (Vt. 2005 (upholding summary judgment in favor of adjusters, and holding that independent adjusters hired by insurer to investigate claim by insured owed no duty to insured and were not liable for any damages under tort claims, and noting that subjecting adjusters to potential tort liability could create conflicting loyalties, and adjusters could face potentially open-ended liability). Therefore, it is clear that virtually every jurisdiction – if not every jurisdiction – that has addressed this issue has held that an independent adjuster retained by insurance company does not owe any duty, and is not liable in any way – whether under contract or tort theories – to an insured for the adjusting of the claim for the insurance company.

8. The law provides "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." Coyne v. Am. Tobacco Co., 183 F.3d 488, 493 (6th Cir. 1999).

9. Except for the fraudulent joinder of Tenco to this action, this action only involves citizens and residents of different states. At the time of the commencement of this action in the Circuit Court of Madison County, Tennessee, and since that time, the plaintiff was and still is a non-profit corporation of Tennessee. Defendant, Southern

Mutual, was and still is, a corporation incorporated and organized in a state other than Tennessee, with its principal place of business in a state other than the State of Tennessee.

    10.   This Court has original jurisdiction over the above-styled action, pursuant to the provisions of 28 U.S.C. § 1332 (a) and (c) and because the defendant, Southern Mutual, is not citizen or resident of the State of Tennessee, because defendant, Tenco, was fraudulently joined as a defendant by plaintiff in an effort to defeat the jurisdiction of this Court, and because the amount in controversy exceeds $75,000.00 exclusive of interests and costs.  Therefore this removal is proper, pursuant to 29 U.S.C. § 1441 (a).

    WHEREFORE, Southern Mutual and Tenco give notice of removal of this action from the Circuit Court of Madison County, Tennessee, to the United States District Court for the Western District of Tennessee.

Respectfully submitted,

s/E. Jason Ferrell
**PARKS T. CHASTAIN**
Registration No. 13744
**E. JASON FERRELL**
Registration No. 24425
Attorneys for Defendants, Southern Mutual Church Insurance Company and Tenco Services, Inc.

**BREWER, KRAUSE, BROOKS, CHASTAIN & BURROW, PLLC**
P. O. Box 23890
Nashville, TN   37202-3890
(615) 256-8787, Ext. 114 (PTC)
(615) 256-8787, Ext. 116 (EJF)
DIRECT:  (615) 630-7717 (PTC)
DIRECT:  (615) 630-7716 (EJF)
pchastain@bkblaw.com
jferrell@bkblaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on this 5TH day of August 2014, a true and correct copy of the foregoing Notice of Removal of a Civil Action by Defendants, Southern Mutual Church Insurance Company and Tenco Services, Inc., was filed electronically. Notice of this filing will be sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U. S. Mail. Parties may access this file through the court's electronic filing system.

J. Brandon McWherter, Esquire
Gilbert Russell McWherter Scott Bobbitt, PLC
341 Cool Springs Boulevard, Suite 230
Franklin, TN   37067

                                          s/ E. Jason Ferrell
                                          **E. JASON FERRELL**

PTC:AMT/le